**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**


KAY M. RAMSEY,

    Plaintiff,

v.             CIV 99-652 MV/KBM

KENNETH S. APFEL,
Commissioner of Social Security,

    Defendant.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

  This matter is before the Court on Plaintiff's (Ramsey's) Motion to Reverse or Remand Administrative Agency Decision  *(Doc. 12)*.  The Commissioner of Social Security issued a final decision denying Ramsey's application for a period of disability, disability insurance benefits, and supplemental security income.  Having considered the arguments, pleadings, administrative record, and the relevant law, I find that the motion is not well taken and recommend that the Court deny it.

### A.  Facts/Background.

  Ramsey was 40 years old when the administrative law judge (ALJ) issued his decision denying her claim for Social Security benefits.  Ramsey claimed benefits due to headaches, diabetes, depression, and problems with her left knee and shoulder.  *AR 11, 80, 362.*   The ALJ explicitly found that her mental impairments were not severe and, therefore, did not preclude

1

reliance on the Medical Vocational Guidelines (Grids).  The ALJ denied Ramsey's claims finding

at step five of the sequential evaluation that she could perform light work which existed in the

national economy under the Grids.  The Appeals Council declined to review the ALJ's decision,

making it the final decision of the Commissioner for purposes of review under 42 U.S.C.

§ 405(g).

## B.  Standard of Review and Applicable Law

Review in social security cases is limited to considering whether there is substantial

evidence in the record to support the Secretary's decision and whether the correct legal standards

were applied.  *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th

Cir.1992).  Substantial evidence is more than a mere scintilla and is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  *Glass v. Shalala*, 43 F.3d

1392, 1395 (10th Cir. 1994).    I am not permitted to reweigh the evidence or substitute my

judgment for that of the Secretary.  *Hamilton,* 961 F.2d at 1500.  "As long as substantial evidence

supports the ALJ's determination, the Secretary's decision stands."  *Id.*

To qualify for disability insurance benefits, a claimant must establish a severe physical or

mental impairment expected to result in death or last for a continuous period of twelve months,

which prevents the claimant from engaging in substantial gainful activity.  *Thompson v. Sullivan*,

987 F.2d 1482, 1486 (10th Cir. 1993) (construing 42 U.S.C. § 423(d)(1)(A)).  The regulations of

the Social Security Administration require the Commissioner to evaluate five factors in a specific

sequence in analyzing disability applications.  20 C.F.R. §§ 404.1520 and 416.920.  The

sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is

not disabled.  *Thompson*, 987 F.2d at 1486.

2

At the first four levels of the sequential evaluation process, the claimant must show that (1) she is not engaged in substantial gainful employment; (2) she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities; (3) her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1;  or (4) she is unable to perform work she had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience.  *Id*.

## C.  Issues.

Ramsey argues that the ALJ erred on five points:  (1) in finding that she did not have a severe mental impairment; (2) in mechanically applying the Grids despite the presence of significant non-exertional impairments and in failing to call a vocational expert to testify; (3) in not permitting her to submit interrogatories to the Administration's program physicians; (4) in failing to develop the record regarding her mental impairment; (5) and, in failing to make credibility findings regarding the testimony of Ramsey's lay witness.

## D.  Discussion.

*1.  The ALJ's decision that Ramsey's mental impairments were not severe was based on substantial evidence.*

As a preliminary matter, I note that the United States Supreme Court has overruled *James v. Chater*, 96 F.3d 1341 (10th Cir. 1996), on the question of issue exhaustion or issue preservation.  *See Sims v. Apfel*, No. 98-9537, 2000 WL 712806 (U.S. June 5, 2000).  Indeed,

the Commissioner has withdrawn arguments that Ramsey waived particular issues by not raising them before the Appeals Council.

Ramsey has not demonstrated with great precision how her mental condition specifically relates to the § 12.04 listing, which is where she alleges that the ALJ initially erred.  Even so, my own review of the whole record convinces me that the ALJ's decision has the support of substantial evidence.

To support her position, Ramsey points out that she received a global assessment of functioning (GAF) of 37, after her initial interview in March 1997 with her treating therapists Dr. Robert Gervais, M.D., and Ms. Kathleen Blough, LPCC, LADAC.  *AR 259.*  The parties agree that such a score would, without more, indicate a very serious impairment.  In  September 1997, Ramsey was diagnosed with "Major Depressive Disorder, Recurrent, Severe, Without Psychotic Features" and "Panic Disorder Without Agoraphobia."  Her "battle with anxiety [had] probably been going on all her adult life."  *AR 253.*  She also "appeared to have symptoms of Major Depression due to isolating, not being able to sleep, currently overeating, losing interest in former things she loved, and feeling suicidal."  *AR 256-57.*  Indeed, she showed symptoms of generalized anxiety disorder, shaking through the whole interview.  *Id.*

In finding that Ramsey's mental impairments were not severe, the ALJ noted that although Dr. Gervais and Ms. Blough rated Ramsey's symptoms as being in the "very serious range of severity," their subsequent reports showed that she responded favorably to counseling and medication, *AR 18,* which the record bears out.  *AR 255.*  There is, perhaps, a contrary conclusion that may be drawn from the opinions of Ramsey's therapists.  Indeed, the latest reports, from July 21 and September 2, 1997, evaluated Ramsey as still having "problems with

4

severe anxiety and depression" and having Major Depression with her anxiety "getting worse to the point where she could not work anymore." *AR 255, 253*. Nevertheless, it is unclear from the record whether the statement concerning her inability to work is a diagnosis or merely the therapists' recounting of Ramsey's own conclusion.

Furthermore, the ALJ also relied on the conclusions of Dr. Cheryl Hollingsworth, who interviewed Ramsey in May 1997. There Ramsey acknowledged "that she had lots of friends, loved to socialize, and went dancing once a week." *AR 19, 197-98*. Ramsey did not appear to be overtly depressed, nor did Dr. Hollingsworth note any other specific, disabling mental or physical condition. Dr. Hollingsworth instead recommended that Ramsey continue with retraining. *AR 198*. I cannot say that the evidence was so overwhelming in support of disability, that the ALJ was not permitted to rely on Hollingsworth's assessment as substantial evidence. I am to determine whether the ALJ's decision is supported by substantial evidence, not to reweigh it.

### 2. The ALJ's step five analysis was not erroneous.

Ramsey faults the ALJ for mechanically relying on the Grids in his step five analysis despite the existence of significant non-exertional mental impairments. Because I have found that the ALJ properly determined that Ramsey's mental impairments did not significantly interfere with her functioning, the ALJ did not have to call a vocational expert at step five. *See Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993) (an ALJ may not rely conclusively on the grids unless he finds by substantial evidence (1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level).

> *3. The ALJ's refusal to allow Ramsey to submit interrogatories to the Administration's physicians did not prejudice her.*

Ramsey argues that the ALJ erred in refusing to allow her to propound interrogatories to the Social Security Administration's program physicians.  She cites authorities to the effect that parties may subpoena reports and testimony of witnesses, *see, e.g., Richardson v. Perales*, 402 U.S. 389, 402 (1971); 42 U.S.C. § 405(d); 20 C.F.R §§ 404.950(d) and 416.1450(d),[1] although apparently she has not sought a subpoena.  Ramsey has not, however, cited any authorities that would allow her to propound interrogatories or that lay out the procedure for doing so.

Assuming she had such a right, I conclude that any error was harmless.  Ramsey has demonstrated no prejudice that resulted to her from being unable to submit interrogatories.  In fact, the record as a whole reveals that Ramsey had the opportunity to put forth her case and challenge the evidence unfavorable to her.  Accordingly, I find no ground for remand or reversal on this assertion of error.

> *4. The ALJ adequately developed the record concerning Ramsey's mental impairments.*

The administrative record in this case contains 370 pages.  It contains evidence that both supports and contradicts Ramsey's claim.  Since I have found that the ALJ properly addressed evidence that supported her claim, I am convinced that the record is adequately developed.  *See Hawkins v. Chater*, 113 F.3d 1162 (10th Cir. 1997) (the ALJ need not exhaust every possible line of inquiry).

---

[1]  Ramsey presented to the ALJ the case of *Laird v. Stilwill*, 1997 WL 374161 (N.D. Iowa) for the proposition that claimants should be allowed discovery.  *AR 290-335*. Nevertheless, that case involved a § 1983 class action concerning due process implications of the Administration's procedures, not an application for benefits.  *Laird* was not itself an administrative action or appeal, and is therefore not applicable to the present case.

> *5. The ALJ did not need to make a specific written finding concerning
> the credibility of Ramsey's sister-in-law.*

Ramsey argues that the ALJ erred in not making a credibility determination concerning Ramsey's sister-in-law, Ms. Kellie Stewart, who testified at the administrative hearing. However, an ALJ need not "make specific written findings of each witness's credibility, particularly where the written decision reflects that the ALJ considered the testimony." *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996). Here, the ALJ expressly noted Ms. Stewart's testimony. *AR 19*. Undoubtedly, the ALJ's opinion would have benefitted from a discussion of the ALJ's reasons for rejecting parts of this lay witness's testimony, *see* 20 C.F.R. § 404.1513(e), but his failure to do so in this case was not error.

### E.  Conclusion.

For the foregoing reasons I recommend that the Court affirm the Commissioner's decision.  The parties may timely object to the foregoing pursuant to 28 U.S.C. § 636(b)(1).

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE

| | | |
|---|---|---|
| Counsel for Plaintiff: | Dorsett C. Bennett, II<br>Roswell, NM | |
| Counsel for Defendant: | Christopher Carillo<br>Dallas, TX | Raymond Hamilton<br>Albuquerque, NM |